UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD KEVIN GREGORY,

    Plaintiff,

v.

CASE NO. 04-CV-40258-FL
JUDGE PAUL V. GADOLA
MAGISTRATE JUDGE PAUL J. KOMIVES

UNITED STATES
DEPARTMENT OF JUSTICE
(TREASURY DIVISION);

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**
**(Doc. Ent. 11)**

**I.    OPINION**

**A.    Procedural History**

    **1.    Background**

In a letter dated May 27, 2004, plaintiff wrote to the United States Department of Justice in Washington, D.C., regarding disclosure of treasure direct account information. Compl. at 3 ¶ 8, Ex. A. The letter was received on June 4, 2004. Compl. at 3 ¶ 9, Ex. B. In a letter dated July 8, 2004, plaintiff wrote to the Department of Treasury/Justice at the same address regarding the lack of response and informing defendant that "if [he] ha[s] not received a response from your office on or before Friday, July 16, 2005 [he] [would] be compelled to litigate this matter and seek injunctive relief." Compl. at 3 ¶ 10, Ex. C.

On or about August 2, 2004, J. Brian Ferrell of the U. S. Department of Justice (Tax Division) in Washington, D.C., allegedly sent plaintiff a response to his May 27, 2004 request.

1

The response stated: "Based on the information you provided, we could locate no responsive records." The letter also described the procedure to appeal the determination. Ans. at 2 ¶ 11, Ex. 1.

### 2. The complaint and answer

Plaintiff filed this case on September 21, 2004. (Doc. Ent. 3 [Compl.]). He is currently in the Michigan Department of Corrections' (MDOC) custody at Ryan Correctional Facility (RRF),[1] and he seeks relief pursuant to the Freedom of Information Act (FOIA); the Privacy Act of 1974; and the Administrative Procedure Act. Compl. at 2 ¶ 2. Plaintiff contends that "[a]s of the date of [his] complaint, defendant[] ha[s] failed or otherwise refused to respond to plaintiff's request for records, documents or data in any manner whatsoever." Compl. at 3 ¶ 11.

On November 17, 2004, defendant filed an answer to the complaint. (Doc. Ent. 8 [Ans.]). Defendant claims that the U.S. Department of Justice, Tax Division never received plaintiff's July 8, 2004, letter. Ans. at 2 ¶ 10. Defendant admits that plaintiff requested records, "denies that it is improperly withholding any records from plaintiff[,]" and "avers that plaintiff made his request to the wrong agency and that the U.S. Department of Justice is not part of the U.S. Treasury or the Internal Revenue Service." Ans. at 3 ¶¶ 18, 19.

### 3. Additional history

On November 24, 2004, plaintiff's FOIA request was received by the Department of the Treasury (Bureau of the Public Debt) in Parkersburg, West Virginia. On or about December 2, 2004, Disclosure Officer Denise K. Hofmann responded to plaintiff. Her letter indicated that "no records responsive to [plaintiff's] request ha[d] been located[,]" and described the procedure to

---

[1]*See* www.michigan.gov/corrections, "Offender Search".

appeal the decision. (Doc. Ent. 16 Ex. B).

On December 10, 2004, Judge Gadola entered a scheduling order setting the deadline for motions for summary judgment for February 22, 2005, for response briefs for March 22, 2005 and for reply briefs for April 8, 2005. (Doc. Ent. 10).

**B.     Plaintiff's Motion to Compel**

Plaintiff claims that on December 13, 2004, in an effort to properly prepare for the briefing schedule set forth in Judge Gadola's December 10, 2004, order, he sent a letter to non-party, RRF mailroom supervisor Teresa Williams "expressly asking for copies of the 'prisoner legal mail log' for the months of April through November 2004 and which logs contain plaintiff's name, signature and date of delivery of legal mail." Mtn. at 2 ¶ 3, Ex. A. On December 16, 2004, Williams denied plaintiff's request on the bases that the requested record was exempt from disclosure and plaintiff was ineligible to make a FOIA request because he is a prisoner. Mtn. Ex. B. She also noted that she had "reviewed the logs and they do not reflect any entries for your inmate # as receiving any legal mail[.]" Mtn. Ex. A. Plaintiff contends that this representation is not correct and that he has "received legal mail that he has signed for, as will be proven by the log." Mtn. at 2 ¶ 5.

On December 29, 2004, plaintiff filed a motion to compel production of documents. (Doc. Ent. 11 [Mtn.]).[2] Plaintiff seeks an order requiring MDOC mail room supervisor Teresa Williams or an agent "to allow plaintiff to inspect the 'prisoner legal mail log' and copy any portion thereof which bears plaintiff's signature." Mtn. at 4.

On January 31, 2005, I entered an order providing that defendant should file any response

---

[2]Judge Gadola referred this motion to me on January 18, 2005. (Doc. Ent. 12).

to plaintiff's motion to compel by February 17, 2005, and that plaintiff should file any reply in accordance with E. D. Mich. LR 7.1(d)(2)(C).  (Doc. Ent. 14).  On February 9, 2005, defendant filed a response.  (Doc. Ent. 15 [Rsp.]).  Defendant opposes the motion on two bases:  it is directed to a non-party (RRF mail room supervisor Teresa Williams) and "the relief sought in the motion to compel is irrelevant to the issues before this Court."  As of April 12, 2005, plaintiff has not filed a reply.

**C.     Defendants' Motion for Summary Judgment**

On January 27, 2005, defendant filed a motion for summary judgment.  (Doc. Ent. 13). Defendant argues that (1) "the Court lacks subject matter jurisdiction over plaintiff's complaint because he failed to exhaust his administrative remedies[,]" and (2) "plaintiff fails to state a claim upon which relief may be granted because the service is not improperly withholding any documents responsive to his FOIA requests."  (Doc. Ent. 13 Br. at 4-5, 5-6).

Plaintiff filed a response on February 15, 2005.  Defendant filed a reply on March 2, 2005.  This motion is currently pending before Judge Gadola.

**D.     Analysis**

**1.      The Freedom of Information Act (FOIA), 5 U.S.C. § 552**

"The Freedom of Information Act gives federal district courts the jurisdiction 'to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld.' 5 U.S.C. § 552(a)(4)(B).  This section requires a showing of three components: the agency must have (1) improperly (2) withheld (3) agency records."  *Wagar v. United States Dep't of Justice*, 846 F.2d 1040, 1045 (6th Cir. 1988), citing *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980).

"The primary purpose of the FOIA 'is to ensure that the Government's activities be opened to the sharp eye of public scrutiny, not that information about private citizens that happens to be in the warehouse of the Government be so disclosed.'" *Detroit Free Press, Inc. v. Department of Justice*, 73 F.3d 93, 98 (6th Cir. 1996), citing *United States Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 774 (1989) (emphasis in original). "This Circuit has recognized that the focus of a FOIA case is the contents of the documents requested, not the purpose for which the Government possesses them." *Dickerson v. Department of Justice*, 992 F.2d 1426, 1437 (6th Cir. 1993).

"FOIA calls for full disclosure of the activities of federal agencies unless information is exempted under clearly delineated statutory language." *Jones v. F.B.I.*, 41 F.3d 238, 244 (6th Cir. 1994) (internal quotations and citations omitted). "There are nine [exemptions, which] are set forth in § 552(b)." *Department of Air Force v. Rose*, 425 U.S. 352, 361 (1976). "The exemptions are to be narrowly construed, and the burden is on the defendant agency to demonstrate, not the requester to disprove, that the materials sought may be withheld due to an exemption." *Jones v. F.B.I.*, 41 F.3d 238, 244 (6th Cir. 1994) (internal quotations and citations omitted). "[FOIA] exemptions are to be narrowly construed in accordance with the legislative purpose of Congress that disclosure rather than secrecy is the dominant objective of the Act." *Akron Standard Div. Of Eagle-Picher Industries, Inc. v. Donovan*, 780 F.2d 568, 571 (6th Cir. 1986), citing *Department of the Air Force v. Rose*, 425 U.S. 352, 360-61 (1976), cited in *Radowich v. United States Attorney*, 658 F.2d 957, 965 (4th Cir.1981).

**2.      Federal Rules of Civil Procedure 26(b)(1)**

Part V of the Federal Rules of Civil Procedure, Rules 26 through rule 37, governs

depositions and discovery. Plaintiff's motion is based in part upon Federal Rules of Civil Procedure 26(b)(1). Mtn. at 3 ¶¶ 9-10. Rule 26, which governs the scope and limits of discovery, states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii).

Fed. R. Civ. P. Rule 26(b)(1) (effective 12/1/2000).

**E.     Analysis**

1.     Both parties acknowledge that plaintiff's request for documents was directed to a non-party. Mtn. at 2 ¶ 3, Rsp. at 1. Defendant argues that plaintiff's motion should be denied, because the request "is directed to an individual and/or institution that is not a party to this suit." Rsp. at 1.

Fed. R. Civ. P. 34, which governs the production of documents, states that "[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." Fed. R. Civ. P. 34(c). Rule 45 governs subpoenas and provides direction as to form and issuance [subsection (a)], service [subsection (b)], and "[p]rotection of [p]ersons [s]ubject to [s]ubpoenas" [subsection (c)].

The appropriate method by which to obtain the requested information is through compliance with Fed. R. Civ. P. 45. Therefore, plaintiff's motion to compel is denied.

2.     Defendant also argues that "[t]here is simply nothing in the prisoner legal mail log which

6

would rebut the U.S. Department of Justice, Tax Division's motion for summary judgment[.]" Rsp. at 2. In light of my foregoing ruling, I need not address this portion of defendant's opposition to plaintiff's motion to compel.

## II. ORDER

In accordance with the foregoing opinion, plaintiff's December 29, 2004 motion to compel (Doc. Ent. 11) is DENIED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.


DATED:  April 21, 2005              s/Paul J. Komives
                                    PAUL J. KOMIVES
                                    UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorney(s) and/or the party(ies) of record by electronic means or U.S. Mail on April 21, 2005
>
> s/Kim Grimes
> On behalf of Eddrey Butts