UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD KEVIN GREGORY,

        Plaintiff,

      v.

UNITED STATES DEPARTMENT
OF JUSTICE,

        Defendant.

_____/

CASE NO. 04-CV-40258-FL
JUDGE PAUL V. GADOLA
MAGISTRATE JUDGE PAUL KOMIVES

## REPORT AND RECOMMENDATION

I.      <u>RECOMMENDATION</u>: The Court should grant defendant's motion for summary judgment.

II.     <u>REPORT</u>:

A.     *Procedural Background*

Plaintiff Donald Kevin Gregory, proceeding *pro se*, commenced this action on September 21, 2004, pursuant to the Freedom of Information Act (FOIA) and the Privacy Act. Plaintiff seeks certain documents requested from the Tax Division of the United States Department of Justice (DOJ) pursuant to the FOIA and the Privacy Acts. Defendant filed this motion for summary judgment on January 27, 2005. Defendant argues that it is entitled to summary judgment because (1) plaintiff has failed to exhaust his claim, and (2) neither the Tax Division in particular nor the DOJ in general is in possession of any documents responsive to plaintiff's FOIA request. Plaintiff filed a response to defendant's motion, titled a "Motion in Opposition to Defendant's Motion for Summary Judgment," on February 15, 2005. Plaintiff argues that (1) he was not required to exhaust his claim because he never received a response from the Tax Division, and (2) the Tax Division was required to forward

1

his FOIA request to the appropriate agency if it does not have any pertinent records.  Defendant filed

a reply on March 2, 2005.  For the reasons that follow, the Court should grant defendant's motion

for summary judgment.

B.      *Factual Background*

On May 27, 2004, plaintiff requested, pursuant to the FOIA, that the Tax Division provide

him with copies "of all documents, records and/or dat[a] contained in the files of your Department

and/or Agency bearing my name and/or identifying information herein provided."  Compl., Ex. A,

at 1.  Plaintiff's request also details several specific documents sought, including Treasury Direct

Account Numbers.  *See id.*  Plaintiff also requested, pursuant to the Privacy Act, information

disclosing to whom or to what other governmental agencies the documents sought in the FOIA

request had been disclosed.  *See id.* at 2.

A response to plaintiff's request, dated August 2, 2004, was prepared by J. Brian Ferrel,

Senior Division Counsel for FOIA and Privacy Act Matters.  Defendant's response indicated that

no responsive documents could be located:

> Information which is maintained by the Tax Division pertains mainly to civil
> and criminal tax litigation, either actual or contemplated.  This information is stored
> in files which are indexed in central classification systems under the names of the
> individuals or entities who are parties to the litigation.  In addition, there is some
> information maintained by the Tax Division which relates to various procedures and
> guidelines relevant to the processing of tax cases.  Some of this information is listed
> periodically in the Federal Register and is available for public inspection in a
> designated reading room, as required by the Freedom of Information Act.
> 
> The type of information which you have requested does not seem to fall
> within either of the above categories of information, and thus is not retrievable by
> means of the Tax Division's indices.  Based on the information you provided, we
> could locate no responsive records.

Def.'s Br. in Supp. of Mot. for Summary Judgment, Decl. of Robert M. Silber, Ex. 2 [hereinafter

"Silber Decl."].  This response was based on the research of Robert M. Silber, an attorney and

2

Paralegal Specialist in the FOIA and Privacy Act Unit of the Tax Division.  *See* Silber Decl., ¶¶ 4-5  Although defendant's response was sent to plaintiff via certified mail on August 2, 2004, the certified mail receipt was not returned, *see* Silber Decl., ¶ 7, and plaintiff avers that he never received the response, *see* Pl.'s Br. in Opp'n to Def.'s Mot. for Summary Judgment, Affidavit of Donald Kevin Gregory, ¶¶ 3-10 [hereinafter "Pl.'s Aff."].

Plaintiff did not file an administrative appeal, instead commencing this action on September 21, 2004.  In his declaration, Mr. Silber avers that after the filing of this suit, he searched the Tax Division's automated case management system using both plaintiff's name and plaintiff's social security number.  In both instances, he found no record of a civil or criminal investigation other than the instant suit filed by plaintiff.  *See* Silber Decl., ¶ 6.

C.    *Summary Judgment Standard*

Under Rule 56, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).  "A fact is material only if its resolution will affect the outcome of the lawsuit."  *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248).  In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor.  *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact.  Rather, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325.  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, Fed. R. Civ. P. 56(e).

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue.  As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

D.    *Analysis*

Under the FOIA, a federal district court may enjoin an agency and order the production of documents requested by a plaintiff where the agency has improperly withheld agency records.  *See*

5 U.S.C. § 552(a)(4)(B).  As the Supreme Court has explained, "[u]nder 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) "improperly"; (2) "withheld"; (3) "agency records." Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation."  *Kissinger v. Reporter's Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); *see also*, *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989); *Vaughn v. United States*, 936 F.2d 862, 866 (6th Cir. 1991).  The agency bears the burden of demonstrating that it has complied with the FOIA.  *See Tax Analysts*, 492 U.S. at 142 n.3; *Vaughn*, 936 F.2d at 866.

Here, there is no question of material fact that the Tax Division did not "withhold" "agency records."  The Tax Division responded to plaintiff's request by indicating that it had no records of the type sought by plaintiff.  *See* Silber Decl., Ex. 2.  More specifically, Mr. Silber avers that "the Tax Division does not maintain the type of records the Plaintiff seeks, TDA documents and information."  *Id*, ¶ 4.  This conclusion was based on his knowledge that "(1) such records are generated and maintained by the U.S. Department of the Treasury for tax administration purposes and (2) records generated and maintained by the Tax Division are for law enforcement purposes as part of civil or criminal investigations of suspected tax law violations and for civil or criminal tax litigation, usually after a case is referred to the Tax Division from the Internal Revenue Service."  *Id*.  Mr. Silber also avers that, after the commencement of this suit, he searched the Tax Division's automated case management system using both plaintiff's name and his social security number, and found no records relating to plaintiff.  *See id.*, ¶ 6.

In a case under the FOIA, a defendant agency prevails if it found no responsive documents

5

after conducting an adequate search. "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (internal quotation omitted); *see also*, *Rugiero v. United States Dep't of Justice*, 257 F.3d 534, 548 (6th Cir. 2001). "At the summary judgment stage, where the agency has the burden to show that it acted in accordance with the statute, the court may rely on a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena*, 180 F.3d at 326 (internal quotation omitted). "Once the agency has shown that its search was reasonable, the burden shifts to plaintiff to rebut defendant's evidence by a showing that the search was not conducted in good faith." *Sonds v. Huff*, 391 F. Supp. 2d 152, 157 (D.D.C. 2005) (internal quotation omitted); *see also*, *Miller v. United States Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985).

Here, Silber's declaration is adequate to discharge the Tax Division's burden. Silber avers that the types of documents sought by plaintiff are not generally maintained by the Tax Division, but by the Internal Revenue Service, a service within the Department of the Treasury. He also avers that he conducted a search of the automated records system using both plaintiff's name and his social security number, and found no records relating to plaintiff. In his response, plaintiff does not challenge the adequacy of the Tax Division's search, or provide any evidence that the search was inadequate or in bad faith. Rather, plaintiff contends that defendant is not entitled to summary judgment for two reasons.

First, plaintiff contends that, at the time he filed this suit, Mr. Silber had not conducted the search of the Tax Division's case management system. Even assuming, however, that defendant's

6

initial response, based on the types of records sought, was insufficient, defendant is nevertheless entitled to summary judgment. As noted above, plaintiff offers nothing to challenge the adequacy of the Tax Division's search after this suit was commenced. Once an agency properly responds to a FOIA request, no matter how belatedly and regardless of whether suit has already been filed, the underlying federal court action becomes moot. *See Walsh v. United States Dep't of Veterans Affairs*, 400 F.3d 535, 537 (7th Cir. 2005); *Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002); *Voinche v. Federal Bureau of Investigation*, 999 F.2d 962, 963 (5th Cir. 1993). "A lack of timeliness does not preclude summary judgment for an agency in a FOIA case. The only question for summary judgment is whether the agency finally conducted a reasonable search, and whether its withholdings are justified. When exactly a reasonable search was conducted is irrelevant." *Landmark Legal Foundation v. Environmental Protection Agency*, 272 F. Supp. 2d 59, 62 (D.D.C. 2003).

Second, plaintiff contends that the Tax Division, if it did not maintain the types of records sought by plaintiff, had a duty to forward his request to the agency having custody of the records sought, presumably the Internal Revenue Service. This argument is without merit. As noted above, injunctive relief under the FOIA is appropriate only when an agency has improperly withheld "agency records." As the Supreme Court has explained, two requirements must be satisfied for materials to qualify as "agency records." First, an agency must create or obtain the materials. Second, the agency must be in control of the requested materials at the time the FOIA request is made. *See Tax Analysts*, 492 U.S. at 144-45. Here, plaintiff has offered nothing to controvert Mr. Silber's declaration that the types of documents plaintiff seeks are not created or maintained by the Tax Division, but rather are created and maintained by the Internal Revenue Service, a distinct

agency in a separate Department of the government.  Thus, as to the Tax Division, the documents sought are not "agency records" within the meaning of the FOIA.  Once this fact was determined, the Tax Division's duties under the Act were satisfied; nothing in the FOIA required the Tax Division to forward plaintiff's request to the appropriate agency.  *See National Security Archive v. Executive Office of the President*, 688 F. Supp. 29, 32 n.3 (D.D.C. 1988), *aff'd sub nom. National Security Archive v. Archivist of the U.S.*, 909 F.2d 541, 546 (D.C. Cir. 1990).

Finally, the above reasoning regarding plaintiff's claim under the FOIA also resolves plaintiff's claim under the Privacy Act.  As explained above, plaintiff's Privacy Act claim is based on his request for information relating to what other agencies the Tax Division shared documents sought in his FOIA request.  Under the Privacy Act, an agency's duties of disclosure to an individual and accounting for disclosures to other agencies relates only to an individual's "record" maintained in the agency's "system of records."   *See* 5 U.S.C. § 552a(a)(5), (c), (d).  Because there is no genuine dispute that the Tax Division does not maintain any records relating to plaintiff, his Privacy Act claim fails as a matter of law.

E.    *Conclusion*

In view of the foregoing, the Court should conclude that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law.  Accordingly, the Court should grant defendant's motion for summary judgment.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver

of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 1/31/06

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 31, 2006.

s/Eddrey Butts
Case Manager